ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -7  PM 12: 03

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALBERT JOSEPH WHEELER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 105-30 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court recommends that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for disability benefits and SSI payments on June 12, 2001, alleging an onset date of January 25, 1995. Tr. 18. He has alleged disability due to arthritis, gout, knee swelling, foot pain, right ankle pain, left knee pain, back pain, irritability, poor sleep,

and weight gain. Tr. 21. The Social Security Administration denied plaintiff's application and his request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on his own behalf, the ALJ issued an unfavorable decision dated July 14, 2003. Tr. 17-24.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Section 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 15, 2000.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the . . . residual functional capacity [to] lift and carry ten pounds occasionally . . . [and] to perform the full range of sedentary work.

5. The claimant is unable to perform any of his past relevant work. The claimant is a "younger individual." The claimant has a "high school (or high school equivalent) education." The claimant has no transferable skills from any past relevant work and transferability of skills is not an issue in this case. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.28.

Tr. 24.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a

reversal of that adverse decision. Plaintiff, proceeding pro se, argues that the ALJ's decision is contradicted by medical evidence and his subjective symptoms.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the

claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinions of Treating Physicians

While plaintiff does not specify which medical evidence contradicts the ALJ's finding, two physicians issued medical reports that could be construed as supporting plaintiff's disability claim. Dr. Carlos Tan examined plaintiff in September 2001 and opined that he was unable to return to his previous work in the construction business and indicated that he was unable to stand for a prolonged period, climb, push, or lift. Tr. 168. Dr. Donald McRae found in June 2002 that plaintiff could not sit for more than twenty minutes or stand for more than ten minutes at a time because of pain in his foot, ankle, knee, and back. Tr. 232. He also found that plaintiff could not sit, stand, or walk for more than two hours in an

4

eight hour workday. Tr. 233-34.

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

First, Dr. Tan's opinion that plaintiff could not perform work involving prolonged standing, climbing, pushing, or lifting, does not conflict with the ALJ's finding that plaintiff was incapable of returning to his former work as a construction laborer but that he could perform sedentary work. The ALJ appropriately considered Dr. Tan's opinion and the ALJ's finding does not contradict Dr. Tan's assessment of plaintiff's condition.

Regarding Dr. McRae's medical findings, the ALJ addressed those findings directly:

> The undersigned has considered, but cannot give ... controlling weight to Dr. McRae's opinion regarding the claimant's ability to work. Dr. McRae's own treatment records [do] not show severity as to preclude all work, only light, medium or heavy work with prolonged standing or walking. The claimant has no current medications and his activities of daily living show a capacity

5

> for the minimal activity and exertion of sedentary work. Further[,] there is no evidence of impaired concentration or use of the claimant's upper extremities. The treatment notes and consultative examination . . . all convincingly show that the claimant is able to perform sedentary work.

Tr. 21-22.

The ALJ's ultimate finding that plaintiff is capable of performing sedentary work was supported by the consulting opinions of Dr. Irvin Blumenthal and Dr. M. Wilson, both of whom indicated that plaintiff is capable of sitting for at least six hours in an eight-hour workday.[1] Tr. 174-90. The Court finds no objective medical evidence in the record that would contradict the ALJ's finding that plaintiff is physically able to perform sedentary work, which the ALJ noted involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." Tr. 22. Thus, the ALJ considered and properly discounted Dr. McRae's disability opinion based on the lack of objective medical evidence supporting the opinion.

### B. Plaintiff's Subjective Symptoms

The Eleventh Circuit has determined that

> a three part 'pain' standard applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. The standard also applies to complaints of subjective conditions other than pain.

---

[1] According to SSR 96-6p, findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a non-examining source at the ALJ and Appeals Counsel levels of administrative review.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citations omitted); accord Jackson v. Bowen, 873 F.2d 1111, 1114 (11th Cir. 1989); Landry v. Heckler, 782 F.2d 1551, 1553-54 (11th Cir. 1986). If plaintiff has a medically determinable ailment that can reasonably be expected to produce the symptoms alleged, the Commissioner must evaluate the intensity and persistence of the symptoms to determine to what extent the symptoms limit the plaintiff's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c).

It is reversible error, however, if complaints of subjective pain are disregarded simply because they are not supported by objective clinical and laboratory medical findings. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). The ALJ "must necessarily review the medical evidence and make a credibility determination in assessing the claimant's disability on the basis of pain." Id. at 624. If the ALJ decides not to credit a claimant's subjective testimony, he must discredit it explicitly and articulate his reasons for doing so. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991).

The ALJ addressed plaintiff's pain and other subjective complaints as follows:

> At the hearing, the claimant testified that he suffers from arthritis, gout, knee swelling, foot pain, right ankle pain, left knee pain, back pain, irritability, poor sleep and weight gain. He takes only over-the-counter medications. The claimant stated that he can only sit fifteen to twenty minutes at a time, stand five to ten minutes at a time, and walk twenty minutes at a time. On the other hand, the claimant testified that he can lift ten to fifteen pounds at a time. He also drives, cooks, mows the grass with a riding mower, and fishes occasionally.

Tr. 21. Based on these observations, the ALJ concluded that "the claimant is not fully credible, to the extent that he can perform some work." Id.

The record does not contain objective medical evidence that would support plaintiff's

7

subjective complaints, and plaintiff's daily living activities suggest that he is capable of performing sedentary work. Thus, the ALJ properly discounted plaintiff's subjective complaints that were not supported by objective medical evidence and that were contradicted by his own testimony. Accordingly, the ALJ's ultimate finding, that plaintiff is capable of performing sedentary work, was supported by substantial evidence of record, and the ALJ's treatment of Dr. McRae's findings and plaintiff's subjective complaints were appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 7th day of March, 2006, at Augusta, Georgia.

```
_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE
```